Chancellor Rutledge
afterwards delivered the decree of the court.
The testator, Richard Ellis, has the following clause in his will: “ It is my will and desire that all my negroes, together with what may be bought at the time of the division, and all my stock of every kind, be divided between my wife and six children, (naming them) share and share alike, so that my wife may have her seventh part of my personal estate to her only use, during her life, and at her death, to be divided between my sons Edward and William Ellis, share and share alike.
The will is dated 17th June, 1802. After making the will, viz.’ on 1st May, 1803, and during the life of testator, he had another child born, called Wilkinson. And near 18 months after, viz. on the 20th October, 1804, testator died without altering his will, or making any provision for the child last born.
It is contended for the child, that his case is within the provision of the act of 1789, by an equitable construction of that act. Also that it may be assimilated to the case of White and Barber; but we are of opinion that the act of 1789, only making provision for posthumous children, cannot possibly comprehend or include the present case; this child having been born nearly 18 months before the testators death. Nor is the case of White and Barber applicable, because the testator did not in this (as he did in that) make provision for any child that his wife might be pregnant with at the time of his decease.
This is an extreme hard case, and we wish we could decree a provision for the child, out of the testator’s estate, in any way consistently with his will; but it is couched in such clear and precise words, that it is impossible to decree *560 át all, without in fact setting aside the will, for testator has expressly directed His personal estate to be divided be* His wife and six children, whom he names, and his wife is to have her 7th part allotted to her.*

 The extreme hardship of this case as well as a few others which had occurred of the same hind, induced the legislature to enact a statute on the 15th day of December, 1808, by which it is provided that from the passing- of the act, any child or children, bom of any person after making and executing his last will and testament, but previous to the decease of such person, shall be provided for as posthumous children are directed to be provided for by the act of the 13th March, 1789, i. e. By letting such child o'r children come in for an equal shard Of all real ánd personal estate given to the other child or children, who shall contribute to make up such share or shares, according to their respective interests under the will
But it may still be doubted whether the acts are comprehensive enough, for they provide only in cases where there are broth ers and sisters, or brother or sister, who shall be obliged to let in an after born child, posthumous or otherwise, to an equal share of the estate. But cases-may arise where a man has no children, and has disposed of his property by will to others, (as in Parsons vs. Lanoe,) 1 Ves. sen. 192, Ambler, 557, and then has children born in his life time, and dies Without altering his will ; and doubts might arise if these statutes prá-videdfor such a case. But the court would strain hard to give relief